```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/24/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

        Petitioner,

-against-

JAMAL JAMISON, Warden of FCI Otisville; and WILLIAM K. MARSHALL, Director of Federal Bureau of Prisons

        Respondents.

24-CV-10053 (VSB) (BCM)

**ORDER EXTENDING TIME TO OBJECT TO R&R AND DENYING REQUEST FOR PRO BONO COUNSEL**

**BARBARA MOSES, United States Magistrate Judge.**

      By letter-application received August 26, 2025 (Pl. Ltr.) (Dkt. 38), petitioner Donte McClellon requested (a) a 60-day extension of his time to object to my June 24, 2025 Report and Recommendation (R&R) (Dkt. 30), which recommends denial of his petition for habeas corpus; and (b) that pro bono counsel be appointed to represent him. *See* Pl. Ltr. at 1, 3.

      Since then, petitioner has been moved to several different federal facilities, requiring the Court to mail the R&R (and other documents) to him several times. Most recently, on October 3, 2025, petitioner advised that he had been transferred to FCI Lompoc. (Dkt. 40.) On October 7, 2025, the Court directed that the R&R be mailed to Lompoc, and extended petitioner's deadline to file his objections to the R&R to November 24, 2025. (Dkt. 41.) However, on October 31, 2025, petitioner advised that he was "no longer in BOP custody," and asked that the R&R (along with Dkts. 32, 33, 34 35, 37 and 39) be sent to him c/o the U.S. Probation Office in Seattle. (Dkt. 42.) On November 4, 2025, the Clerk re-mailed copies of those documents to petitioner, c/o the U.S. Probation Office in Seattle, as requested.[1]

      The Court notes that petitioner is computer-literate and (when not in BOP custody) has been following the progress of this action on Pacer. Nonetheless, given that a paper copy of the R&R may not have reached him until some time after November 4, 2025 (and the paper copy of this Court's most recent extension order may never have reached him) this Court hereby EXTENDS petitioner's time to file his objections to the R&R, *sua sponte*, until **December 15, 2025**. ***No further extensions of this deadline will be granted absent compelling circumstances.***

---

[1] According to recent filings in petitioner's underlying criminal case, he was released from the BOP "as homeless" on October 1, 2025. *See* Order (Dkt. 384) at 1, *United States v. McClellon*, No. 2:22-CR-00073-LK (W. D. Wash. Oct. 19, 2025). Because he had "no viable residence or means of financial support," he "requested a placement at a residential reentry center [RRC] to provide him with stability while he searches for a residence and employment." *Id*. The court thereupon modified petitioner's conditions of supervised release, mandating placement at the RRC for "not more than 120 days." *Id*. at 1, 2. Petitioner did not advise this Court that he was residing at the RRC in Seattle, and did not request that his mail be sent to the RRC. According to the government's inmate look-up website, *see* https://www.bop.gov/mobile/find_inmate/byname.jsp (searching for "Donte McClellan"), petitioner remains at the RRC in Seattle as of today.

Petitioner's request for the appointment of pro bono counsel is DENIED. In civil cases like this one, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "[b]road discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61.

In this case, petitioner has already proven himself capable of litigating his habeas corpus petition unassisted by counsel. In fact, he is a frequent and vigorous pro se litigant, both in this Court (where he has two cases pending) and in the Western District of Washington, where he has filed at least nine post-conviction motions in his criminal case – this year alone – including two recent motions for early termination of his supervised release on the ground, among others, that he was "coerced" into agreeing to the RRC placement. *See* Dkts. 387 at 2, 390 at 2, *McClellon*, No. 2:22-CR-00073-LK.[2] Moreover, for the reasons set forth in the R&R, this Court does not believe that the habeas corpus petition is likely to succeed.

The Clerk of Court is respectfully directed to close the motion at Dkt. 38.

Dated: New York, New York
      November 24, 2025               SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] *See* Dkts. 301, 352, 355, 356, 359, 361, 370, 380, *United States v. McClellon* (W. D. Wash. May 29, 2024; Feb. 7, 2025; Feb. 14, 2025; Feb. 14, 2025; Mar. 3, 2025; Mar. 24, 2025; Oct. 3, 2025). In addition to his post-conviction motions, petitioner filed a habeas corpus petition in the Western District of Washington, arising out of the same criminal conviction at issue here, *see* Petition (Dkt. 8), *McClellon v. Rikard*, No. 2:24-CV-01975 (W.D. Wash. Mar. 4, 2025), and two civil lawsuits against attorneys who represented him in the criminal case. *See* Compl. (Dkt. 5), *McClellon v. Weaver*, No. 2:25-CV-566 (W. D. Wash. Apr. 8, 2025); Compl. (Dkt. 6), *McClellon v. Illa*, No. 2:25-CV-609 (W. D. Wash. Apr. 16, 2025).